IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD GANTT, | ] |
| Plaintiff, | ] |
| v. | ] CASE NO.: 08-205 |
| CITY OF SELMA, | ] |
| Defendant. | ] |

## COMPLAINT

**COMES NOW**, the Plaintiff, by and through undersigned counsel, and respectfully files the following complaint.

## INTRODUCTION

The Defendant has engaged in the unlawful practice of discrimination against the Plaintiff's disability in violation of the Americans with Disability Act.

## PARTIES

1. Plaintiff, **DONALD GANT**, at all relevant times was a resident in Selma, Alabama. He is an African American Citizen of the United States of America.

2. Defendant, **CITY OF SELMA**, is a public incorporated body in the State of Alabama whose primary function is to govern, manage, oversee, and create policy for the city of Selma, Alabama.

## JURISDICTION & VENUE

3. This Court has personal jurisdiction over the Defendants named herein because this is an action for violations of, 42 U.S.C.A. § 12111 et seq. (The Americans with Disability Acts, "ADA); The Fourteenth Amendment (Equal Protection Clause) of the United States

Constitution, 42 U.S.C.A. 1981, and related state constitutional laws regarding equal protection. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 (supplemental jurisdiction). State claims are included in this action under the doctrine of pendant jurisdiction.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this Complaint occurred within the Southern District of Alabama. Plaintiff has also satisfied all jurisdictional requirements for his ADA claims by filing notice of his charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), and received his actual right to sue letter where they found cause.

## STATEMENT OF FACTS

5.      In August of 2006, Plaintiff applied for a position as a police officer with the Selma Police Department.

6.      Prior to applying for the position, while working at another job, Plaintiff's disc relocated. As a result he had to have surgery in September 11, 2003. It took plaintiff approximately over a year and ½ to completely recover. During that time, Plaintiff was on disability. After the surgery he had no physical limitations. He eventually went back to work driving trucks for another company. This job required him to lift and carry heavy objects to and from facilities.

7.      At some time during his employment, he decided to become an officer. He saw a job posting in the local newspaper for police officers. He applied and stated on his application that he had had spinal surgery in 2003. Plaintiff ultimately got an interview, and he was

questioned about the surgery. Plaintiff explained during the interview that he had no problems with this back and he had no physical limitations as a result of the surgery.

8. Because of the questions, Plaintiff contacted the physician who conducted the spinal surgery in order to get a statement from him explaining that his spinal injury was corrected, and caused him no limitation. (Exhibit A) Plaintiff received the letter, but he also received a letter from Selma Police Department on the same day saying that he would not receive the job because of an "alleged" spinal injury.

9 Despite receiving this letter from the Defendant, Plaintiff took the letter to the Defendant. Specifically, he gave Detective Ray Moore a copy, and he gave Chief Martin a copy of the letter. The Defendant never contacted Plaintiff back.

10. Plaintiff had also applied for a position with the Marion Police Department, and received the job. Plaintiff is in fact due for training at the Police Academy this month, April, 2008. Even though Plaintiff has now received a job as an officer with the Marion Police Department, he received less pay then he would have received as an officer with the Selma Police Department, and he has to travel sixty miles, in another community from which he lives in order to be an officer because of the City of Selma's refusal.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Equal Protection Clause of the
### Fourteenth Amendment to the United States Constitution
### 42 U.S.C.A 1983

11. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 28 inclusive, as if fully set forth herein.

12.     The fourteenth amendment to the United States Constitution provides in part, "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the Equal Protection of the laws". *United States Constitution, Fourteenth Amendment.*

13.     The Defendant, The City of Selma, acting within color of state law, violated the Equal Protection Clause of the fourteenth amendment of the United States Constitution by plaintiff differently than others who are situated to him by refusing to hire him because of a perceived disability, despite evidence from plaintiff's physician which disputed the any limitations.

14.     As a direct and proximate result of these violations, Plaintiffs was and continues to be damaged in a sum according to proof, not yet ascertained, including but not limited to: all benefits denied to Plaintiff during the period of time he has been denied a job within the City of Selma.

### SECOND CAUSE OF ACTION
### AMERICANS WITH DISABILITIES ACT
### 42 U.S.C.A. § 12111 et. seq.

15.     Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 14 as if set out here in full.

16.     Defendant City of Selma are employers within the meaning of The Americans with Disabilities Act of 1990, (ADA) *42 U.S.C.A. § 12111 et seq.*

17. Under the ADA, a public entity cannot be excluded from participation in or be denied the benefits of the services, programming, or activities offered by the Public Entity.

18. Plaintiff applied for the position of an police officer for the City of Selma, but was denied specifically because of his perceived disability.

19. Defendants' acts are willful, wanton and in conscious disregard of Plaintiff's rights under the ADA or the United States Constitution. Because of their acts, Plaintiff was denied the opportunity to serve as a police officer for the City of Selma, and denied access to the benefits of that position. Plaintiff is entitled to back pay, front pay, future pay, and/or accommodation, and all other damages which would make her whole under the Act. Plaintiff is entitled to punitive damages as a result of the acts of the Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully pray for the following relief as to Counts one (1) through five (5) of the Complaint:

1. Actual Compensatory Damages, such as back pay, front pay, future wages, loss of benefits;

2. Restitution and Reimbursement.

3. Punitive Damages and/or statutory treble damages where permitted by law.

4. Injunctive relief;

5. Attorney fees and cost.

6. Any other relief the Court deems proper.

Respectfully submitted,

/s/April England-Albright
Faye Rose Toure' Sanders
April England-Albright

COUNSEL:

April England-Albright
Post Office Box 312293
Atlanta, Georgia 31131
(334) 327-0451
866-276-1131 (fax)

Faye Rose Toure' Sanders
CHESTNUT, SANDERS, SANDERS
& PETTAWAY, LLC
Post Office Box 1290
Selma, Alabama 36702-1290
(334) 875-9264
(334-875-9853 (fax)

## JURY DEMAND

Plaintiff requests a trial by jury.

/s/April England-Albright
OF COUNSEL

DATED:_____April 18, 2008_____